Van Voorhis, J. (dissenting).
In my view this child was legally abandoned by relator who is, therefore, not entitled to custody in this proceeding (People ex rel. Kropp v. Shepsky, 305 N. Y. 465). In this sense, the term “abandonment” is not necessarily a term of reproach since, in leaving the child with the grandmother six years ago, he probably did the best thing which was possible under the circumstances. In my *871 judgment it amounts to a legal abandonment, however, as that term is used in the Kropp case, where custody is transferred to a foster parent without date of termination and sufficient time has elapsed so that the child during her formative years has adjusted satisfactorily to the new environment. There is no dispute in the evidence that that has happened here. Child psychologists are virtually unanimous that the sense of security and general welfare of children is profoundly affected by having an established home during these formative years. The surrender of a child by the natural parent to a foster parent for an indefinite time must be deemed to have been in contemplation of that fact, however advisable such a surrender of the child may have been, and where the foster parenthood has been as long continued as it has here, under the facts of this case, it must be deemed to have ripened into a legal abandonment.
The order appealed from should, in my judgment, be reversed and the application for the writ of habeas corpus should be dismissed.
Order affirmed.